UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN AGNELLO,

        Plaintiff,

v.

        Case Number 08-14659-BC
        Honorable Thomas L. Ludington

INSTANT CASH ADVANCE
CORPORATION, JILL KURTANSKY
JOHN DURKEE, STEVEN LEACH,

        Defendants.
_____ /

**ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY AS TO ORDER TO SHOW CAUSE, DISMISSING ORDER TO SHOW CAUSE, GRANTING MOTION TO AMEND/CORRECT COMPLAINT AND TO FILE A THIRD AMENDED COMPLAINT, GRANTING PLAINTIFF LEAVE TO FILE THE PROPOSED THIRD AMENDED COMPLAINT, AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY THE CONDUCT DESCRIBED HEREIN SHOULD NOT BE SANCTIONED PURSUANT TO RULE 11**

On November 4, 2008, Plaintiff John Agnello filed a complaint stemming from his discharge from Defendant Instant Cash Advance ("ICA"). Defendants John Durkee and Steven Leach are the owners of Defendant ICA and Defendant Jill Kurtansky was a branch manager. Generally, Plaintiff alleges that Defendants discharged him in retaliation for providing testimony adverse to Defendant in civil proceedings. Prior to serving Defendants, Plaintiff filed an amended complaint on November 19, 2008. Subsequent to serving Defendants, yet without leave of the Court, Plaintiff filed a second amended complaint on December 18, 2008. The second amended complaint alleges causes of action for violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and under Michigan law.

On May 18, 2009, the Court entered an order [Dkt. # 19] for Plaintiff to show cause why his

complaint should not be dismissed for lack of subject matter jurisdiction. According to the second amended complaint, the §§ 1981 and 1983 causes of action establish the court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Generally, § 1981 prohibits racial discrimination in the making and enforcement of contracts, but does not provide relief for a plaintiff alleging retaliation for providing adverse testimony in a civil proceeding. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976). Plaintiff's second amended complaint does not allege any form of racial discrimination. Similarly, a plaintiff may only recover pursuant to § 1983 if he was deprived of a constitutional right, and "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (stating that § 1983 is not implicated by "merely private conduct, no matter how discriminatory or wrongful"). Plaintiff's second amended complaint does not contain any allegations suggesting that any Defendant was acting under color of state law.

On May 22, 2009, Plaintiff filed a motion for extension of time to file response/reply as to the order to show cause [Dkt. # 20]. On May 26, 2009, Plaintiff timely filed a response [Dkt. # 21] to the order to show cause; thus, the motion for an extension of time will be denied as moot. In his response, Plaintiff seeks to file a third amended complaint, to include a cause of action for retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq. Plaintiff also seeks to withdraw his claims under §§ 1981 and 1983. Notably, Plaintiff's response did not provide any explanation as to how either § 1981 or § 1983 provided this Court with subject matter jurisdiction pursuant to § 1331 as to any of Plaintiff's original, first amended, or second amended complaints.

The same day, Plaintiff filed a motion for leave to file the third amended complaint [Dkt. #

22]. Without awaiting leave of the Court, Plaintiff filed the third amended complaint [Dkt. # 23]. The third amended complaint alleges a cause of action for retaliation under the FMLA, primarily based on allegations that Defendants terminated Plaintiff's employment because Plaintiff provided testimony adverse to Defendant in another civil action in which a coworker had alleged FMLA violations. Such claims under the FMLA are sufficient to establish subject matter jurisdiction pursuant to § 1331; thus, Plaintiff will be granted leave to file the third amended complaint.

Nonetheless, sanctions appear to be warranted pursuant to Rule 11 of the Federal Rules of Civil Procedure. Had the Court's show cause order dated May 18, 2009, not been limited to the issue of subject matter jurisdiction, the Court would now impose sanctions because Plaintiff's response to the show cause order did not provide any explanation for alleging §§ 1981 or 1983 claims in the original, first, or second amended complaint. In other words, Plaintiff's representations to the Court regarding Plaintiff's §§ 1981 and 1983 claims, do not appear to have been "formed after an inquiry reasonable under the circumstances," and would not be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Thus, the Court will now order Plaintiff's counsel to show cause why the conduct described herein should not be sanctioned pursuant to Rule 11.

Accordingly, it is **ORDERED** that Plaintiff's motion for extension of time to file response/reply as to the order to show cause [Dkt. # 20] is **DENIED AS MOOT**.

It is further **ORDERED** that the Court's order to show cause [Dkt. # 19], dated May 18, 2009, is **DISMISSED**.

It is further **ORDERED** that Plaintiff's motion to amend/correct complaint and to file a third amended complaint [Dkt. # 22] is **GRANTED**. Plaintiff is **GRANTED LEAVE** to file the

proposed third amended complaint attached as exhibit 1 to his motion.

It is further **ORDERED** that Plaintiff's counsel shall **SHOW CAUSE** in writing why the conduct described herein should not be sanctioned pursuant to Rule 11 on or before **June 11, 2009**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: June 4, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS