UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN AGNELLO,

        Plaintiff,

v.

        Case Number 08-14659-BC
        Honorable Thomas L. Ludington

INSTANT CASH ADVANCE
CORPORATION, JILL KURTANSKY
JOHN DURKEE, STEVEN LEACH,

        Defendants.
_____/

**ORDER DETERMINING AMOUNT OF SANCTIONS IMPOSED ON PLAINTIFF'S COUNSEL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO SUMMARY OF EXPENSES**

On November 4, 2008, Plaintiff John Agnello filed a complaint stemming from his discharge from Defendant Instant Cash Advance ("ICA"). Defendants John Durkee and Steven Leach are the owners of Defendant ICA and Defendant Jill Kurtansky was a branch manager. Generally, Plaintiff alleges that Defendants discharged him in retaliation for providing testimony adverse to Defendants in civil proceedings. On May 18, 2009, the Court entered an order [Dkt. # 19] for Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.

According to the second amended complaint, Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1981 and 1983 established the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. However, Plaintiff's second amended complaint did not allege any race discrimination to support his § 1981 claim. Similarly, Plaintiff's second amended complaint did not allege that any Defendant was acting under color of state law to support his § 1983 claim. In his response to the Court's order

to show cause [Dkt. # 21], Plaintiff did not provide a justification for pursuing his §§ 1981 and 1983 claims. Rather, Plaintiff sought to file a third amended complaint, eliminating those causes of action and including a cause of action for retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq.

After granting Plaintiff leave to file the amended complaint, the Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed pursuant to Rule 11 based on his filing of the §§ 1981 and 1983 claims. After reviewing Plaintiff's response to the order to show cause, the Court found that sanctions were warranted pursuant to Rule 11 because Plaintiff's counsel did not demonstrate that a "reasonable inquiry" was made to establish that Plaintiff's §§ 1981 and 1983 claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Thus, the Court determined that Plaintiff's counsel should be ordered to pay defense counsel's reasonable expenses, including attorney fees, associated with responding to Plaintiff's §§ 1981 and 1983 claims.

At the Court's direction, Defendants submitted information related to the expense of defending against Plaintiff's §§ 1981 and 1983 claims [Dkt. # 29]. As described by Defendants, they submitted:

> . . . their expenses and fees from the inception of this case through May 31, 2009, which represent the actual attorneys fees and expenses for time spent in responding to Plaintiff's original, first amended, and second amended complaints which, by necessity, including all communication and correspondence with clients; communication and correspondence with Plaintiff's attorney and the Court; preparation of court filings; preparation and attendance at Plaintiff's deposition; and preparation and attendance at the court-ordered settlement conference.

Defense counsel's fees and expenses incurred as of the date of filing was a total of $28,710.73. Counsel indicated that the hourly rate charged for attorney Theresa Lloyd was $275, although Ms.

Lloyd typically charges $300 to $365 per hour.

In response, Plaintiff filed a motion for leave to respond to summary of expenses [Dkt. # 29]. Plaintiff requested leave to respond and a hearing, on the ground that defense counsel submitted a "bill" that seeks relief beyond that authorized by the Court. Defense counsel filed a response [Dkt. # 32], stating that a hearing was not necessary. Defense counsel suggested that Plaintiff could file a response to the summary of expenses, the Court could grant defense counsel leave to file a reply, and then the Court could hold a hearing, if necessary.

Plaintiff then filed a reply [Dkt. # 35] with a proposed response to the summary of expenses attached. In the proposed response, Plaintiff cited legal authority for the proposition that deterrence, not compensation, is the principal goal of Rule 11. *See, e.g.*, *Jackson v. The Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) (stating that "because deterrence, not compensation, is the principal goal of Rule 11, courts should impose the least severe sanction that is likely to deter"). Plaintiff also contends that compensable fees under Rule 11 should be limited to those incurred as a result of the offensive pleading, not a blanket award of all fees incurred during litigation. Plaintiff estimates that approximately $1675.00 of the expenses and fees noted by defense counsel may arguably be established as having involved activities compensable by Rule 11. The expenses and fees identified by Plaintiff's counsel include the following:

- Reviewing and analyzing complaint and amended complaint, 2.4 hours, $480
- Drafting answer, 2.8 hours, $560
- Finalizing answer to amended complaint, 1.8 hours, $360
- Reviewing and analyzing second amended complaint, .5 hours, $100
- Additional research , 2.5 hours, $175

On August 31, 2009, the Court held a status conference on the issues of sanctions. The parties indicated that they intended to facilitate the case, which would make it unnecessary for the

Court to determine the amount of the sanctions to be awarded.  As of today's date, the parties have notified the Court that facilitation was not successful.  Thus, the Court will determine the amount of sanctions to be awarded.  Based on the above, the Court finds that $1675.00 is a reasonable, and appropriate, sanction to be awarded in this case based on the law and information provided by the parties.  Additionally, having considered Plaintiff's proposed response to Defendants' summary of expenses, the Court will deny as moot Plaintiff's motion to file the response separately.

Accordingly, it is **ORDERED** that **SANCTIONS** are imposed against Plaintiff's counsel in the amount of $1675.00.  The sanctions are due on or before **December 16, 2009**, and are to be paid to defense counsel.

It is further **ORDERED** that Plaintiff's motion for leave to respond to summary of expenses [Dkt. # 30] is **DENIED AS MOOT**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: November 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2009.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS